**No. 23-1526**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

CELLSPIN SOFT, INC.,

*Plaintiff-Appellant*,

v.

FITBIT LLC, NIKON AMERICAS, INC., NIKON INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of California, Nos. 4:17-cv-005928, Judge Yvonne Gonzalez Rogers.

# CORRECTED RESPONSE BRIEF OF NIKON AMERICAS, INC. AND NIKON INC.

JACK W. LONDEN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

YUKA TERAGUCHI
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
1-5-1 Marunouchi
Chiyoda-ku, Tokyo, 100-6529

BRIAN R. MATSUI
SETH W. LLOYD
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel.: (202) 887-8784
BMatsui@mofo.com

*Counsel for Nikon Americas, Inc. and Nikon Inc.*

MARCH 6, 2024

## U.S. Patent No. 8,738,794 Claim 1

**1.** A method for acquiring and transferring data from a Bluetooth enabled data capture device to one or more web services via a Bluetooth enabled mobile device, the method comprising:

providing a software module on the Bluetooth enabled data capture device;

providing a software module on the Bluetooth enabled mobile device;

establishing a paired connection between the Bluetooth enabled data capture device and the Bluetooth enabled mobile device;

acquiring new data in the Bluetooth enabled data capture device, wherein new data is data acquired after the paired connection is established;

detecting and signaling the new data for transfer to the Bluetooth enabled mobile device, wherein detecting and signaling the new data for transfer comprises:

determining the existence of new data for transfer, by the software module on the Bluetooth enabled data capture device; and

sending a data signal to the Bluetooth enabled mobile device, corresponding to existence of new data, by the software module on the Bluetooth enabled data capture device automatically, over the established paired Bluetooth connection, wherein the software module on the Bluetooth enabled mobile device listens for the data signal sent from the Bluetooth enabled data capture device, wherein if permitted by the software module on the Bluetooth enabled data capture device, the data signal sent to the Bluetooth enabled mobile device comprises a data signal and one or more portions of the new data;

transferring the new data from the Bluetooth enabled data capture device to the Bluetooth enabled mobile device automatically over the paired Bluetooth connection by the software module on the Bluetooth enabled data capture device;

receiving, at the Bluetooth enabled mobile device, the new data from the Bluetooth enabled data capture device; applying, using the Software module on the Bluetooth enabled mobile device, a user identifier to the new data for each destination web service, wherein each user identifier uniquely identifies a particular user of the web service;

transferring the new data received by the Bluetooth enabled mobile device along with a user identifier to the one or more web services, using the Software module on the Bluetooth enabled mobile device;

receiving, at the one or more web services, the new data and user identifier from the Bluetooth enabled mobile device, wherein the one or more web services receive the transferred new data corresponding to a user identifier; and

making available, at the one or more web services, the new data received from the Bluetooth enabled mobile device for public or private consumption over the internet, wherein one or more portions of the new data correspond to a particular user identifier

## CERTIFICATE OF INTEREST

Counsel for Nikon Americas, Inc. and Nikon Inc. certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1. **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

Nikon Americas, Inc.; Nikon Inc.

2. **Real Parties in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

3. **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

Nikon Corporation, a publicly traded Japanese corporation, owns 100% of Nikon America, Inc.'s stock. Nikon Americas, Inc. owns 100% of Nikon Inc.'s stock.

4. **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court.

None.

5. **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

Yes, see separately filed notice.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.

Dated: March 6, 2024

/s/ Brian R. Matsui

Brian R. Matsui

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST .......... i

TABLE OF AUTHORITIES .......... iii

STATEMENT OF RELATED CASES .......... iv

INTRODUCTION .......... 1

STATEMENT OF THE ISSUES .......... 1

STATEMENT OF THE CASE .......... 2

SUMMARY OF ARGUMENT .......... 4

STANDARD OF REVIEW .......... 5

ARGUMENT .......... 5

CELLSPIN FAILED TO FILE A NOTICE OF APPEAL IN THE NIKON ACTION, SO THE COURT HAS NO JURISDICTION TO GRANT RELIEF FROM THE ORDER DENYING RECUSAL IN THAT ACTION .......... 5

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Corp. I v. P'Ship & Unincorporated Assocs.*,
51 F.4th 1365 (Fed. Cir. 2022) ....................5

*Cellspin Soft, Inc. v. Fitbit, Inc.*,
No. 4:17-cv-05928 (N.D. Cal. 2022)....................4, 6

*Cellspin Soft, Inc. v. Nikon Americas, Inc.*,
No. 4:17-cv-05936 (N.D. Cal. 2022)....................3, 6

*Smith v. Barry*,
502 U.S. 244 (1992)....................5

*SmithKline Beecham Corp. v. Apotex Corp.*,
439 F.3d 1312 (Fed. Cir. 2006) ....................7

**Other Authorities**

Fed. R. App. P. 3(a)(1)....................5

Fed. R. App. P. 3(c)(1)(B) ....................5

Fed. R. App. P. 3(e) ....................5

## STATEMENT OF RELATED CASES

This appeal is from one of the district court proceedings at issue in the consolidated appeal *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 22-2025 (Fed. Cir.). This Court also previously decided an appeal from the same action in *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306 (Fed. Cir. June 25, 2019). The Court issued a precedential decision authored by Judge O'Malley and joined by Judges Lourie and Taranto. *Id.* Cellspin has also asserted claims of the patents here—U.S. Patent Nos. 8,738,794, 8,892,752, and 9,749,847—in the following cases:

*Cellspin Soft, Inc. v. Moov Inc.*, 4:17-cv-05929 (N.D. Cal.)

*Cellspin Soft, Inc. v. Nike, Inc.*, 2:22-cv-00455 (E.D. Tex.)

Counsel for Nikon Americas, Inc. and Nikon Inc. (collectively "Nikon") know of no other cases pending in this Court or any other court that will directly affect or be affected by this Court's decision in this appeal.

## INTRODUCTION

This appeal cannot alter the outcome of Cellspin's action against Nikon. Nikon is not a party to Cellspin's action against Fitbit, the only action from which Cellspin appealed here. Nikon was included in this appeal because of a clerical mistake, since corrected, on the district court's docket that led to Nikon briefly being listed as a party on the district court's docket in the Fitbit action. In fact, although Cellspin filed distinct district court actions against a host of separate defendants, Cellspin's notice of appeal identified only the action against Fitbit. Cellspin thus is jurisdictionally barred from seeking relief in the Nikon action or any other action against a non-Fitbit defendant. Yet Cellspin's opening brief requests that the judgment in the Nikon action—and in other similarly unappealed actions—be vacated. Thus, although Nikon agrees with the arguments in Fitibit's brief addressing the substance of Cellspin's appeal, Nikon submits this short brief to make clear that the district court's denial of Cellspin's recusal request in the separate action against Nikon is not before this Court.

## STATEMENT OF THE ISSUES

1. Whether this Court has jurisdiction to address a district court action in which Cellspin failed to file any notice of appeal.

2. Whether to affirm the appealed order in the Fitbit action for the reasons stated in Fitbit's brief.

## STATEMENT OF THE CASE

Nikon laid out much of the history of Cellspin's action against Nikon in its responsive brief in the summary judgment appeals, which the clerk's office has ordered to be assigned to the same merits panel as this case for decision.[1] ECF No. 15. As relevant here, Cellspin contemporaneously filed 14 suits against Nikon and others. These suits were related but not consolidated, and all were assigned to Judge Yvonne Gonzalez Rogers of the Northern District of California. The district court granted summary judgment of non-infringement to Nikon and other defendants, which is the subject of the summary judgment appeals. More than seven months after the district court granted summary judgment, six months after filing notices of appeal from those judgments, and a month after filing the opening appeal brief in those consolidated appeals, Cellspin filed a motion asking the district court judge to vacate her summary judgment orders in all the related cases here and recuse herself. Appx1-18; Appx19-49.

Based on public information, some first disclosed by Judge Gonzalez Rogers in 2012, Cellspin argued that her impartiality could reasonably be questioned, thus requiring recusal under 28 U.S.C. § 455. Appx19-49. Judge Gonzalez Rogers rejected the request as untimely because Cellspin "sat on the motion and strategically

---

[1] The summary judgment appeals are consolidated appeals Nos. 22-2025, 22-2028, 22-2029, 22-2030, 22-2032, 22-2037.

litigated this case through summary judgment" before seeking recusal. Appx7-9. On the merits, Judge Gonzalez Rogers found Cellspin's motion was "based upon nothing but speculation and attenuation" and was "divorced from the law and the facts." Appx2. She noted that "plaintiff's motion attaches over 1500 pages of exhibits" but "does not cite to the documents with any degree of particularity." Appx4. And she said that "some of the documents cited do not exist, others are illegible copies, and many more do not stand for the proposition asserted even under a liberal construction." Appx9. For example, Judge Gonzalez Rogers noted that her actual nomination disclosure "differs significantly from plaintiff's reconstruction in its motion." Appx11. Despite these various deficiencies, she went through Cellspin's motion and addressed each issue in detail, concluding that "plaintiff's attack on the integrity of the judiciary" based on such timing and speculation "demonstrates a measure of desperation." Appx2.

Cellspin filed a notice of appeal from the order entered only in the action against Fitbit even though the district court entered orders denying recusal and vacatur separately in each of the different actions Cellspin filed against various defendants, including the action against Nikon. Appx2167-2168; *Cellspin Soft, Inc. v. Nikon Americas, Inc.*, No. 4:17-cv-05936, Order Denying Motion for Recusal, ECF No. 260 (N.D. Cal. Feb. 15, 2023). Cellspin's notice identified only the Fitbit action in its caption, identified only Fitbit as the defendant relevant to its appeal, and

identified the docket number of the order entered only in the Fitbit action as the order it was appealing. Appx2167-2168. That contrasts with Cellspin's recusal motion, which expressly identified the multiple actions, listed the multiple defendants, and sought recusal in all those actions. Appx19-49. It also contrasts with what Cellspin did when it appealed the summary judgment orders in the separate actions. Cellspin filed separate notices of appeal in each case.

When Nikon filed its opposition to Cellspin's recusal motion, the response was mistakenly added to the Fitbit action docket rather than the Nikon action docket. Appx2226 (ECF No. 374). That led the district court clerk mistakenly to list Nikon as a defendant in Cellspin's action against Fitbit. Appx2174. After Cellspin filed its notice of appeal here, the district court corrected the mistake and removed Nikon from the docket in the Fitbit action. *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928, ECF No. 381 (N.D. Cal. May, 4, 2023).[2]

## SUMMARY OF ARGUMENT

A rules-compliant notice of appeal is a jurisdictional requirement. The notice must be filed with the district court clerk in the action from which appeal is sought. It must identify the order being appealed. And the appealing party must pay the

[2] Because Nikon should not have been included as a party to this appeal, it requests that this brief be construed as an amicus curiae brief if Nikon is removed from the docket.

required filing fee. Cellspin failed to take any of those steps in the Nikon action. The Court thus lacks jurisdiction here to address that separate action, including to alter the separately entered order denying recusal in that action.

## STANDARD OF REVIEW

This Court applies its own law and reviews issues related to the scope of a notice of appeal de novo. *ABC Corp. I v. P'Ship & Unincorporated Assocs.*, 51 F.4th 1365, 1372 (Fed. Cir. 2022).

## ARGUMENT

### CELLSPIN FAILED TO FILE A NOTICE OF APPEAL IN THE NIKON ACTION, SO THE COURT HAS NO JURISDICTION TO GRANT RELIEF FROM THE ORDER DENYING RECUSAL IN THAT ACTION

A notice of appeal is a jurisdictional requirement. *Smith v. Barry*, 502 U.S. 244, 248 (1992). The notice must comply with Rule 3 of the Federal Rules of Appellate Procedure, which is a "prerequisite to appellate review." *Id.* As relevant here, to appeal "from a district court to a court of appeals" a party must "fil[e] a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). The notice must "designate the judgment—or the appealable order—from which the appeal is taken." *Id.* 3(c)(1)(B). The appealing party must also "pay the district clerk all required fees" including "the appellate docket fee." *Id.* 3(e). "Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." *Smith*, 502 U.S. at 248.

Here, even if Cellspin filed a rule-compliant notice of appeal from the district court's order denying recusal in the action against Fitbit, it failed to do so in the action against Nikon. Cellspin filed no notice of appeal with "the district clerk" for the "district court" that decided the Nikon action. Nor did Cellspin's notice "designate" the recusal order entered separately in the action against Nikon. Appx2167-2168. Cellspin likewise paid no filing fee for an appeal from the separately entered order in the action against Nikon. Cellspin paid only a single filing fee for a single appeal from the action against Fitbit. *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928, Notice of Appeal, ECF No. 377 (N.D. Cal. Feb. 17, 2023).

Cellspin's actions here stand in stark contrast with its actions appealing the district court's final judgments, which are before this Court in the summary judgment appeals. There, just as here, the district court entered orders in each of the separate actions. *E.g.*, *Cellspin Soft, Inc. v. Nikon Americas, Inc.*, No. 4:17-cv-05936, Summary Judgment Orders, ECF No. 233 (N.D. Cal. June 7, 2022); *Id.*, Order Denying Motion for Recusal, ECF No. 260 (N.D. Cal. Feb. 15, 2023). But there, unlike here, Cellspin filed a notice of appeal with the district clerk for each of those separate actions. *E.g.*, *id.*, Notice of Appeal, ECF No. 242 (N.D. Cal. July 15, 2022). Each notice of appeal identified the appealed orders and judgments for each

separate action. *E.g.*, *id.* And Cellspin paid a separate filing fee for appealing each of those actions. *E.g.*, *id.*

Cellspin's choice not to file a notice of appeal from the action against Nikon is significant. As Cellspin's appeal brief makes clear, its recusal arguments focus almost exclusively on alleged ties between the district court judge and Google, the parent of Fitbit. Cellspin Br. 13-60. For all the reasons explained in Fitbit's brief, Cellspin is wrong about those alleged ties to Google, wrong that those ties warranted recusal, and wrong that it is entitled to any relief in this appeal. Fitbit Br. 20-55. But regardless, Nikon is not Fitbit or Google. Cellspin never alleges any ties between the district court judge and Nikon. Cellspin Br. 13-60. Cellspin thus has forfeited any issue that ties between Nikon and the judge warrant recusal. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006). Even were that issue before the Court, for the reasons Nikon explained to the district court and Cellspin no longer contests, that issue would not warrant relief. Appx1731-1735. For Nikon, Cellspin previously relied on the judge's interest in a Vanguard index fund. Appx1731-1735. But 28 U.S.C. § 455(d)(4)(i) excludes "[o]wnership in a mutual or common investment fund" like that as a basis for recusal. Appx1732. And no evidence or legal authority supports Cellspin's assertion at the district court that recusal is warranted because Nikon allegedly uses Google services for user data. Appx1731-1735.

Because Cellspin never filed a notice of appeal in the action against Nikon, this Court lacks jurisdiction over that action. The Court thus also lacks jurisdiction to grant Cellspin any relief from the district court's separately entered order denying recusal in the action against Nikon. The time for filing any notice of appeal from that separate action is long since past, making that order final and no longer appealable. For these reasons, the Court's decision in this appeal cannot affect either the district court's denial of recusal in the Nikon action or its order granting summary judgment of non-infringement in that action.

## CONCLUSION

For the reasons given, the Court should hold that it lacks jurisdiction to grant relief in the action against Nikon; in any event, the appealed order should be affirmed.

Dated: March 6, 2024

Respectfully submitted,

/s/ Brian R. Matsui
BRIAN R. MATSUI
SETH W. LLOYD
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel.: (202) 887-8784
BMatsui@mofo.com

JACK W. LONDEN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

YUKA TERAGUCHI
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
1-5-1 Marunouchi
Chiyoda-ku, Tokyo, 100-6529

*Counsel for Nikon Americas, Inc. and Nikon Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Circuit Rule 32(b) because it contains 1,774 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Federal Circuit Rule 32(b)(2), as determined by the word-counting feature of Microsoft Word.

This brief complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word in Times New Roman 14-point font.

Dated: March 6, 2024 /s/ Brian R. Matsui

ny-2584067