NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CELLSPIN SOFT, INC.,**
*Plaintiff-Appellant*

**v.**

**FITBIT LLC, NIKON AMERICAS, INC., NIKON INC.,**
*Defendants-Appellees*

---

2023-1526

---

Appeal from the United States District Court for the Northern District of California in Nos. 4:17-cv-05928-YGR, 4:17-cv-05931-YGR, 4:17-cv-05932-YGR, 4:17-cv-05933-YGR, 4:17-cv-05934-YGR, 4:17-cv-05936-YGR, Judge Yvonne Gonzalez Rogers.

---

Decided: November 1, 2024

---

MICHAEL SCOTT FULLER, Garteiser Honea, PLLC, Tyler, TX, argued for plaintiff-appellant. Also represented by RANDALL T. GARTEISER, CHRISTOPHER A. HONEA.

ADAM STEINMETZ, Desmarais LLP, Washington, DC, argued for defendant-appellee Fitbit LLC. Also represented by RAYMOND N. HABBAZ, JAMIE KRINGSTEIN,

KARIM ZEDDAM OUSSAYEF, New York, NY.

SETH W. LLOYD, Morrison & Foerster LLP, Washington, DC, argued for defendants-appellees Nikon Americas, Inc., Nikon Inc. Also represented by BRIAN ROBERT MATSUI; JACK WILLIFORD LONDEN, San Francisco, CA; YUKA TERAGUCHI, Tokyo, Japan.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Cellspin Soft, Inc., alleging infringement of several of its patents, brought separate actions against Fitbit LLC and other companies, including Nikon Americas, Inc. and Nikon, Inc. (collectively, Nikon), in the District Court for the Northern District of California. In June 2022, after years of litigation before Judge Gonzalez Rogers, the district court granted summary judgment of noninfringement to Fitbit, Nikon, and others in their separate actions (which were not consolidated but were litigated in conjunction with each other). Today, we affirm the summary judgment rulings in the several cases, which include cases against Fitbit and Nikon and (as will be relevant here) against Fossil Group, Inc. and Misfit, Inc. (collectively, Fossil) and Garmin International, Inc. and Garmin USA, Inc. (collectively, Garmin), among others. *Cellspin Soft, Inc. v. Fitbit LLC*, Fed. Cir. Nos. 2022-2025, 2022-2028 to -2030, 2022-2032, 2022-2037 (*Summary Judgment Appeal Decision*).

Seven months after the district court entered summary judgment in June 2022, Cellspin filed a motion under 28 U.S.C. § 455 arguing that Judge Gonzalez Rogers should recuse herself from the case and that the summary judgment should be vacated because the grounds for disqualification existed at the time it was entered. The several arguments for recusal rested on the fact that, in

February 2021, Fitbit had become a subsidiary of Google LLC (itself an indirect subsidiary of Alphabet Inc., a publicly traded company). Judge Gonzalez Rogers denied the motion. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2023 WL 2176758 (Feb. 15, 2023) (*Recusal Opinion*). Cellspin timely appealed.

We first dismiss the appeal in the case against Nikon because Cellspin failed to file a notice of appeal in the Nikon case. That dismissal leaves only the appeal in the case against Fitbit. We conclude that the bulk of the recusal motion was properly denied by the district court as untimely. We also conclude that, even if there was error as to the remaining part (an issue we do not decide), any such error was harmless. We reach that conclusion because the outcome of Cellspin's infringement case against Fitbit could not be altered by Judge Gonzalez Rogers's recusal from that case, given that we have affirmed the summary judgment of noninfringement in the Fossil and Garmin cases—as to which Cellspin has not preserved a recusal challenge—on a ground directly applicable to the case against Fitbit. We therefore dismiss the appeal as to Nikon and affirm as to Fitbit.

# I

Cellspin filed its complaint against Fitbit, along with complaints against Nikon, Fossil, Garmin, and others, asserting infringement of U.S. Patent Nos. 8,738,794, 8,892,752, and 9,749,847, in October 2017. The Fitbit case and others were assigned to Judge Yvonne Gonzalez Rogers on October 31, 2017, and deemed to be related for coordinated treatment. Extensive litigation in the cases ensued. In February 2021, Fitbit amended its corporate disclosure statement to reflect the completion of its acquisition by Google (an indirect subsidiary of Alphabet), an acquisition that had been announced publicly months earlier. From that time, Google and Alphabet (collectively, Google) were owners of Fitbit, a party to Cellspin's case.

Nearly a year later, in January 2022, Fitbit and other defendants moved for summary judgment of noninfringement in their respective cases. Cellspin did not raise any issue of recusal based on Google's ownership of Fitbit since February 2021. The district court granted summary judgment in June 2022. *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928, 2022 WL 2784467, at *1 (N.D. Cal. June 15, 2022). We have today affirmed that decision. *See Summary Judgment Appeal Decision*, *supra*.

In the meantime—in January 2023, months after the grant of summary judgment and the filing of notices of appeal from that grant—Cellspin filed a motion to recuse Judge Gonzalez Rogers. Cellspin presented several arguments tied to Google concerning investments she and her husband had and concerning certain of her husband's business activities. Cellspin sought vacatur of the district court's summary-judgment ruling under Federal Rule of Civil Procedure 60 because the investments and activities pre-dated that ruling. Cellspin sought recusal and vacatur not just in its case against Fitbit (a subsidiary of Google since February 2021) but also in the cases against other defendants, the latter on the asserted ground that determinations regarding Fitbit may have infected determinations regarding other defendants.

The district court denied the motion to recuse and vacate on several grounds. *Recusal Opinion*, *supra*. First, the district court concluded that it would lack authority to vacate the summary judgment decisions because of Cellspin's pending appeals from those decisions. *Id.* at *3–4. Second, the district court determined that the motion was untimely. *Id.* at *4–6. Third, the district court denied the motion to recuse on the merits. *Id.* at *6–11. Cellspin timely filed an appeal.

II

We first address Nikon's presence before us. To appeal the district court's denial of the recusal motion in Nikon's case, Cellspin was required to file a notice of appeal in the Nikon docket designating the appealed judgment under Federal Rule of Appellate Procedure 3(a)(1). *See Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review."). Cellspin did not do so.

Cellspin filed its notice of appeal—listing Fitbit as the only defendant—only in the Fitbit docket. J.A. 2167–68. Cellspin's argument that its single notice of appeal should apply to a separate case is unconvincing. Cellspin's cases against Fitbit and Nikon were docketed separately by the district court, *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928 and *Cellspin Soft, Inc. v. Nikon Americas, Inc.*, No. 4:17-cv-05936, and the district court entered an order denying Cellspin's recusal motion in each action. Order Denying Motion for Recusal, *Cellspin Soft, Inc. v. Nikon Americas, Inc.*, No. 4:17-cv-05936 (N.D. Cal. Feb. 15, 2023), ECF No. 260; Order Denying Motion for Recusal, *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928 (N.D. Cal. Feb. 3, 2023), ECF No. 376.[1]

Because Cellspin did not file a notice of appeal from the district court's denial of the recusal motion as it relates to

---

[1] Nikon's opposition to Cellspin's recusal motion was initially added to the Fitbit docket instead of the Nikon docket, which resulted in Nikon's temporary addition to the Fitbit docket. *See* J.A. 2226; Opposition to Motion for Recusal, *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928 (N.D. Cal. Feb. 3, 2023), ECF No. 374. Nikon has since been removed from the Fitbit docket. Order Granting Nikon's Request, *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928 (N.D. Cal. May 4, 2023), ECF No. 381.

Nikon, we do not have jurisdiction over Cellspin's appeal against Nikon. We dismiss the appeal as to Nikon.

III

Regarding the case against Fitbit, we have jurisdiction under 28 U.S.C. § 1295(a)(1). Cellspin appeals only insofar as it seeks, based on recusal, to vacate the summary judgment ruling in favor of Fitbit; it does not identify any prospective decisions still to be made in the case. Accordingly, as the district court indicated, *Recusal Opinion*, at *4, the motion to recuse and vacate is properly viewed as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). (The summary judgment from which relief is sought is final, as explained in our *Summary Judgment Appeal Decision*.) A district court has authority to *deny* a Rule 60(b) motion, as the district court did, even while an appeal is pending. *See* Fed. R. Civ. P. 62.1, Advisory Committee Note ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it . . . ."). A denial of such a motion is final and appealable. *See, e.g.*, *CEATS, Inc. v. Continental Airlines, Inc.*, 755 F.3d 1356, 1360 (Fed. Cir. 2014); 15B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3916 (2d ed.).

We review the district court's denial of the motion for recusal according to the law of the regional circuit—here, the Ninth Circuit. *See Baldwin Hardware Corp. v. FrankSu Enterprise Corp.*, 78 F.3d 550, 556 (Fed. Cir. 1996) ("In reviewing [a] . . . denial of recusal, which raises substantive and procedural issues not within our exclusive jurisdiction, we are guided by the law of the regional circuit."). The Ninth Circuit reviews the denial of motions for recusal under 28 U.S.C. § 455 for abuse of discretion. *See In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013) ("We review the denial of a § 455(a) motion for recusal for abuse

of discretion."). We have adopted the same standard of review in recusal matters that are subject to our own circuit's law. *See Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012).

A

Two bases for Cellspin's argument for recusal are (a) certain financial-investment holdings of Judge Gonzalez Rogers and her husband (Mr. Rogers) and (b) certain collaborations between Google and the consulting firm McKinsey when Mr. Rogers worked there for many years. As to the former, the allegations do not concern direct ownership of Google stock by the judge or her husband, but rather, participation in large independently managed multi-company funds such as mutual funds (Cellspin focusing on funds that do or would be expected to have Google stock in their portfolios). As to the latter, the allegations seem to focus on McKinsey's general offering of Google cloud or other services to McKinsey clients, not any direct work by Mr. Rogers (who focused on energy firms) for Google as a consulting client. We do not thoroughly probe the specifics, however, because for these asserted bases for recusal, we find no abuse of discretion in Judge Gonzalez Rogers's conclusion that Cellspin's motion was untimely. *Recusal Opinion*, at *4–6.

Section 455 sets no specific time limit on seeking recusal, but timeliness is a well-established consideration in application of the statute. "In deciding motions to vacate orders issued by an allegedly disqualified judge, the courts have used 'untimely' as a synonym for 'unfair' when the circumstances, like those present here, are such that a grant of the motion would produce a result inequitable, unjust, and unfair." *Polaroid Corp. v. Eastman Kodak Co.*, 867 F.2d 1415, 1419 (Fed. Cir. 1989); *see, e.g.*, *Kolon Industries Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 170–72 (4th Cir. 2014); *United States v. Rogers*, 119 F.3d 1377, 1380–83 (9th Cir. 1997). Recusal motions must

be filed with reasonable promptness after the ground for such a motion is ascertained, *i.e.*, known to the movant. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (citing *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991)). The Ninth Circuit has found "untimeliness" when "unexplained delay in filing a recusal motion suggests that the recusal statute is being misused for strategic purposes." *United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (citing *E. & J. Gallo*, 967 F.2d at 1296) (internal quotation marks omitted).

Here, Cellspin did not seek recusal until January 2023, well after it had lost on the summary judgment motion. Yet Cellspin is charged with knowing of Fitbit's acquisition by Google by February 3, 2021, a year and a half earlier, when Fitbit updated its corporate disclosures. Amended Corporate Disclosure Statement, *Cellspin Soft, Inc. v. Fitbit, Inc.*, No. 4:17-cv-05928 (N.D. Cal. Feb. 3, 2021), ECF No. 165. The timing raises obvious concerns of lack of equity and strategic misuse of recusal. *Recusal Opinion*, at *5.

Concerning the McKinsey-related basis: Cellspin's recusal motion cited Judge Gonzalez Rogers's 2011 Senate Judiciary Committee Questionnaire, which has been publicly available since 2011, to establish Mr. Rogers's employment with McKinsey (which lasted until March 2021). For the McKinsey-Google collaboration, Cellspin cited to one undated source, J.A. 930, and to a McKinsey webpage, J.A. 112–13, that, when checked by following the Cellspin-provided uniform resource locator address, reveals that it was published on March 7, 2022. J.A. 112–13. Cellspin did not remotely establish that the information it relies on was unavailable with reasonable diligence substantially before the summary judgment ruling issued and the recusal motion was filed.

Concerning the investment-related basis: Cellspin was similarly untimely in raising its concerns. Cellspin argued

that Judge Gonzalez Rogers's investments in certain Vanguard funds and a "Special Situations Fund" managed by the McKinsey Investment Office merit recusal because the funds contain interests in Google among their many assets. For these grounds, Cellspin drew upon Judge Gonzalez Rogers's 2020 financial disclosures, which were filed on October 27, 2021, according to Cellspin. J.A. 2137. Judge Gonzalez Rogers noted that "the investments at issue in the motion have been publicly known since the 2012 Financial Disclosure and have not changed," and Cellspin does not argue otherwise. *Recusal Opinion*, at *5 (emphasis in original). As discussed above, Cellspin was aware of Fitbit's acquisition by Google by February 3, 2021. Therefore, Judge Gonzalez Rogers's investments and the alleged connection to Google were available to Cellspin by October 27, 2021, at the latest—a few months before summary judgment was sought, half a year before summary judgment was granted, and more than a year before Cellspin sought recusal.

The Ninth Circuit has affirmed determinations of untimeliness underlying denials of recusal motions in similar circumstances. *See Mikhel*, 889 F.3d at 1027 (affirming denial of recusal motion where movant learned of grounds during trial but did not file recusal motion until after jury verdict); *E. & J. Gallo*, 967 F.2d at 1295 (affirming denial of recusal motion where movant learned of grounds upon case transfer but did not seek disqualification until after final judgment). For the grounds discussed here—the bulk of the Cellspin's asserted grounds for recusal—we affirm the denial of the recusal motion for untimeliness in the present matter.

## B

Cellspin's separate asserted basis for recusal involves Mr. Rogers's "Operations Partner" role at Ajax Strategies Venture Capital, which is allegedly a venture-capital firm funded in part by Google that makes investments in start-

up firms. *See Recusal Opinion*, at *7. As Judge Gonzalez Rogers noted, this basis raises a different timeliness issue, at least because the relationship of Mr. Rogers with Ajax seemingly did not begin until March 2022. *See Recusal Opinion*, at *2, *5, *7. The facts relating to this relationship, and to Google's relationship with Ajax, which remain unclear on the record before us even now, may well have been less publicly available to Cellspin than were facts relating to the asserted bases for recusal discussed above.

But we need not and do not further pursue the specific facts bearing on timeliness of Cellspin's assertion of this ground. The same is true regarding the specific facts bearing on assessment of the Ajax relationships on the merits. It is relevant to note that, given what Cellspin has put forward, the assessment seems to call for application of 28 U.S.C. § 455(a), and not the brighter-line rules of § 455(b), and for consideration of, *e.g.*, the multi-factor approach set forth in the U.S. Judicial Conference Committee on Codes of Conduct's Advisory Opinion 107: Disqualification Based on Spouse's Business Relationships, which elaborates on standards of Canon 3C(1) of the Code of Conduct for United States Judges that are closely related to those of 28 U.S.C. § 455. But we need not and do not make further inquiry into those matters because, even if we were to conclude that Judge Gonzalez Rogers abused her discretion in this respect, an issue we do not reach, that conclusion would not warrant vacating the summary judgment for Fitbit under the harmless-error standards set forth in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988). *See also Centripetal Networks, Inc. v. Cisco Systems, Inc.*, 38 F.4th 1025, 1034–39 (Fed. Cir. 2022); *Shell Oil*, 672 F.3d at 1292–94.

Under *Liljeberg*, when deciding whether a judgment should be vacated for violation of § 455, we are to consider "the risk of injustice to the parties in the particular case,

the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." 486 U.S. at 864. Here, and most critically, the risk of injustice to the parties from denying vacatur would be essentially nonexistent. As we hold today in the *Summary Judgment Appeal Decision*, Judge Gonzalez Rogers did not abuse her discretion by barring Cellspin's "OAuth" theory of infringement for the two separate defendants, Garmin and Fossil, and our holding in that respect—which is not subject to any Cellspin-preserved recusal objection for those defendants—has preclusive effect and resolves against Cellspin its infringement assertions against Fitbit.

To elaborate slightly: Although Cellspin filed its recusal motion in the dockets for Garmin and Fossil as well as Fitbit, Cellspin did not appeal the denial of the recusal motions in the cases against Garmin and Fossil. J.A. 2167–68. Accordingly, Cellspin no longer has any argument that the district court's grants of summary judgment for Garmin and Fossil were tainted by a lack of recusal. In our *Summary Judgment Appeal Decision*, we today uphold the district court's barring of Cellspin from presenting its OAuth theory of infringement. Our affirmance of the district court's decision on that issue does not rest on any Fitbit-specific analysis, and in that appeal, Cellspin addressed its OAuth theory as a single issue uniformly applicable to Fitbit, Garmin, and Fossil. *See* Cellspin's Opening Brief in *Summary Judgment Appeal Decision* at 65, 73 ("Cellspin hereby adopts and incorporates by reference all arguments made *supra* concerning Fitbit."). It follows that our affirmance of the OAuth bar for Garmin and Fossil decides the issue in favor of Fitbit as well. Vacating the June 2022 grant of summary judgment therefore could not properly alter the ultimate outcome of Cellspin's case against Fitbit (if transferred to another trial judge): Cellspin still would be barred from presenting its OAuth theory, which means that Cellspin still would not

have evidence that Fitbit infringes the asserted claims of the three patents.

Under *Liljeberg*, a decision to affirm the denial of Cellspin's recusal motion would create no risk of injustice to Cellspin. *See* 486 U.S. at 864. At the same time, we see no risk of injustice in other cases, and we see no risk of undermining the public's confidence in the judicial process. Neither *Liljeberg* nor our *Centripetal* and *Shell Oil* cases involved circumstances similar to the ones here, such as a focus only on a § 455(a) ground not subject to a bright-line rule, a significant delay in bringing forth the ground, and a collection of related cases among which are several in which the decisive merits issue in the case has been conclusively decided (without a § 455 taint) against the recusal-seeking party. We therefore affirm the district court's denial of the motion to recuse on the Ajax ground without reaching the merits.

## III

For the foregoing reasons, we dismiss the appeal as to Nikon, and we affirm the district court's denial of Cellspin's motion to recuse and to vacate as to Fitbit.

Costs to Nikon and Fitbit.

**DISMISSED IN PART AND AFFIRMED IN PART**